

FILE
IN OPEN COURT

SEP 2 6 2025

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.

ANTHONY LAQUAN SUTTON,

Defendant.

Case No. 2:25-cr-56

## STATEMENT OF FACTS

The United States and the defendant, Anthony Laquan Sutton ("the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. In or about April 2024, the United States Postal Inspection Service ("USPIS") was notified by the Suffolk, Virginia post office of suspected break-ins to U.S. Mail Service ("USMS") blue mail collection boxes at the Suffolk Main Post Office ("SMPO") at 445 N. Main St., Suffolk, Virginia, which is within the Eastern District of Virginia. The suspects were believed to have used a particular type of mailbox key to open collection boxes to steal the mail matter inside them.

2. In response, USPIS set up a covert security camera to monitor the collection boxes at SMPO. USPIS also inserted a GPS device hidden within a dummy package that was placed in a collection box. The GPS device was designed to alert law enforcement when it was removed from the collection box.

3. On May 5, 2024, at approximately 9:59 p.m., USPIS received an electronic alert, generated by the GPS device, that the GPS-device-containing package had been removed from

the collection box at SMPO. USPIS was able to follow the path of the GPS device as it continued to move and identified the vehicle in which the device was traveling as a 1999 Honda Accord ("the Subject Vehicle").

4. At approximately 10:35 p.m., the Subject Vehicle stopped at a convenience store within the Eastern District of Virginia. Law enforcement made contact with the two occupants of the Subject Vehicle, who were later identified as the defendant and Kevin Eric Blanding ("Blanding").

5. While the Subject Vehicle was stopped at the convenience store, real-time data from the GPS device indicated that the device was located at the convenience store.

6. The license tags attached to the Subject Vehicle did not return to the Subject Vehicle. Accordingly, the Subject Vehicle was towed to a USPIS facility. As the Subject Vehicle was towed, real-time data from the GPS device followed the path of the tow truck to the USPIS facility.

7. On May 6, 2024, U.S. Magistrate Judge Lawrence R. Leonard approved a search warrant for the contents of the Subject Vehicle. Inside, USPIS located numerous pieces of uncanceled mail, USPS packages, and the dummy package containing the GPS device.

8. The Subject Vehicle contained two cell phones and several access devices, including Social Security cards, credit cards, debit cards, and driver's licenses, with names other than the defendant's or Blanding's. There were also access devices that belonged to the defendant and an employee identification card that displayed his photograph.

9. Investigators also recovered from the Subject Vehicle unendorsed checks on which the defendant or Blanding were neither the payor nor payee. The checks were dated May 3, 2024, and May 4, 2024 and were loose, not in any envelope.

10.    USPIS did not recover any mailbox key in its investigation.

11.    The investigation and evidence prove beyond a reasonable doubt that, on or about May 5, 2024, in Suffolk, in the Eastern District of Virginia, the defendant knowingly and willfully conspired and agreed with Blanding to knowingly take a letter, postal card, or package out of a post office or an authorized depository for mail matter, or which had been in a post office or authorized depository, before it had been delivered to the person to whom it was directed, with design to obstruct the correspondence, or open, secrete, embezzle, or destroy the same.

12.    This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

13.    The actions of the defendant, as recounted above, were in all respects knowing and deliberate and were not committed by mistake, accident, or other innocent reason.

        Respectfully submitted,

        Lindsey Halligan
        United States Attorney

By:    _____
        Anthony C. Marek
        Attorney for the United States
        United States Attorney's Office
        101 West Main Street, Suite 8000
        Norfolk, VA 23510
        Office: (757) 441-6331
        Fax: (757) 441-6689
        E-Mail: Anthony.Marek@usdoj.gov



After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Anthony Laquan Sutton, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Anthony Laquan Sutton

I am counsel for the defendant. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Richard S. Yarow
Attorney for Anthony Laquan Sutton